James Thomas *v.* Robert Gibson, 3d.

When a school district has been organized, in fact, for a number of years, and has chosen its officers from time to time, the selectmen cannot organize it again, as an unorganized district, because doubts were entertained of the regularity of the former organization.

If such new organization is irregular and void as to any part of the inhabitants of the district, it is so as to all, and a person is not prevented from contesting the proceedings under such organization, or the authority of the officers, because he was moderator of a meeting under such new organization.

This was an action of trespass, for taking the plaintiff's heifer. The taking was admitted. The defendant attempted to justify the taking, as collector of school district No. 2, in the town of Ryegate. For this purpose, he gave in evidence the records of said school district.

It appeared that said school district had been organized as early as the year 1811, and was in existence as a school district until the month of April, 1837, when some of the inhabitants of the district, entertaining doubts of its legal organization, made application to the select men of the town and the district was re-organized. This new organization was, at the time, acquiesced in by the voters of the district, with the exception of one or two individuals, and by the plaintiff, who acted as moderator at a number of subsequent meetings, which were very fully attended. One of the committee in existence at the time of the new organization was re-appointed and the others either declined, or acquiesced in being superseded. The clerk declined a re-appointment, on account of scruples of conscience in regard to being sworn by a civil magistrate, and the district proceeded to vote a tax and expended the money. The committee made a tax bill and caused a warrant to be appended in due form, which was given to the defendant to collect, he being appointed collector under the new organization. The defendant proceeded in the collection of the tax against the plaintiff, and, as stated in his return, distrained and sold the heifer in question. It appeared that just before the commencement of this suit the plaintiff and two others applied to the clerk of the school district prior to the new organization to warn a school meet-

CALEDONIA,
*July,*
1839.

Thomas
*v.*
Gibson.

ing, who declined to act.   It appeared  that less than a ma-
jority of the legal voters in  the  district were  present at the
time of  the new organization, and that one who was present
was opposed to the new  organization.

Upon the  facts above  stated, the county court rendered
judgment for  the defendant, and the plaintiff excepted.

*A. Underwood and Fletcher & Bartlett,* for plaintiff.

*J. Mattocks,* for defendant.

The opinion of the court was delivered by

WILLIAMS, C. J.—This case  brings in question the legali-
ty of  the proceedings of a school district in  Ryegate.   We
are always disposed  to support the doings and  proceedings
of these minor corporations when it can be done.   I do not
mean to criticise them with  too  much nicety, but still, when
we  are called  upon  to  decide  upon  their acts, and a deci-
sion either way will leave one of  their proceedings indefensi-
ble, we must do it.

In  this  case,  it  appears  the  district  was  organized  in
the year 1811, whether legally or not is a  matter of  no im-
portance, as  they have acted and  have been recognized as
a district ever since ;  that they chose their officers from time
to time, and in October, 1836, chose their clerk, committee
and  collector, who  by the statute, were to continue in office
one year, and until others  were chosen, and that  at a  regu-
lar meeting on  the  sixteenth of April, 1837, they voted to
build a school house.

In the month of  April, 1837, it appears some doubts were
entertained in relation to the organization of the district, when
application was made to the selectmen of the town, who pro-
ceeded to organize it anew.  That was done at a meeting when
there were less than  a  majority of the legal voters present,
and  although it was assented to generally, one  or two  indi-
viduals did not  consent.   The  old officers were generally
superseded.   Under this new organization the tax was voted
which is now resisted by the plaintiff.

As this district had been  in  existence as a  corporation
for a number of years, and  had  chosen their officers, the
new organization, as it is  termed, was unauthorized and ille-
gal.   The selectmen have  no authority to interfere, and call
a meeting, except in unorganized school districts.  Their pro-

ceedings in the new organization, cannot, therefore, be re-cognized, nor the officers chosen in pursuance of such new organization. There has not been an acquiescence in the new, and an abandonment of the old organization, for any length of time,so that the court can treat the new one as regular. If the plaintiff has presided as moderator of the school district under the organization made by the selectmen, though it may place him in an unfavorable light, yet, it cannot affect his legal rights. There cannot be one district with one set of officers for him and one part of the district, and another for the other part. As the second or new organization, as it is called, was not warranted by the statute, and has not been in operation a sufficient time, without objection, to be adopted as an organization in fact, the defendant is without justification.

The judgment of the county court is, therefore, reversed.